UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEE WILLIAMS,

                         Petitioner,                  Case No. 2:16-cv-10583
                                                  Hon. Arthur J. Tarnow

v.

SHERMAN CAMPBELL,

                         Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Michael Lee Williams filed this application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. On April 25, 2013, Petitioner was

convicted after a jury trial in the Wayne County Circuit Court of three counts

of armed robbery, Mich. Comp. Laws § 750.529, two counts of possession of

a firearm during commission of a felony, Mich. Comp. Laws § 750.227b, and

carrying a concealed weapon. Mich. Comp. Laws § 750.227. These

convictions resulted in a controlling sentence of 15 to 30 years for one of the

armed robbery convictions, and an additional consecutive 2 year term for the

felony-firearm convictions.

The petition raises two claims: (1) the prosecutor committed misconduct

during closing argument, and (2) there was insufficient evidence presented to

sustain Petitioner's armed robbery conviction against one of the victims. The Court will deny the petition because the claims are without merit. The Court will also deny Petitioner a certificate of appealability, but it will grant Petitioner permission to proceed on appeal in forma pauperis.

## I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> On September 1, 2012, Joshua Johnson and several men—including defendant—drove around Detroit, Michigan, for the purpose of seeking out people to rob. Between 6:30 and 6:45 p.m., the men spotted Albert Andrews exiting a liquor store. When Andrews attempted to enter his car, defendant and another man pointed handguns at him. Andrews attempted to reach his own pistol inside the car, but he was overpowered by the group.

> During the struggle, defendant took a gold chain that Andrews was wearing, and another male grabbed the pistol from inside the vehicle. The attackers ran away, but Andrews saw them enter a green jeep. In a photograph lineup conducted approximately a month later, Andrews identified defendant as one of the attackers. At trial, Johnson admitted to driving the jeep, and Jonathan Colvin testified that he and defendant participated in the robbery.

> On September 8, 2012, defendant, Johnson, and Colvin met again for the purpose of committing a robbery. At approximately 8:30 p.m., Johnson drove defendant and Colvin to Dearborn,

Michigan. He dropped them off in a residential area and they proceeded on foot. Salwa Bazzi, Mirvat Hammoud, and two other women were sitting on the front porch of Hammoud's house when they saw defendant and Colvin approaching. Defendant and Colvin went onto the porch, drew their handguns, and demanded that Bazzi hand over her cellular phone. Defendant grabbed Hammoud by the head and dragged her across the porch. Hammoud was loudly screaming throughout the encounter, and the neighbors started to come out of their homes. Then defendant and Colvin ran away after taking Bazzi's cell phone.

The police were able to track Bazzi's cellular phone to a liquor store in Detroit, where they apprehended defendant, Colvin, and Johnson. At the time of the arrest, the police found defendant in possession of a handgun and Bazzi's cell phone. After he was arrested, defendant confessed to the Dearborn robbery.

*People v. Williams*, No. 316429, 316762, 2014 WL 5066396, at *1 (Mich. Ct. App. Oct. 9, 2014).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised the following claims:

I. Williams is entitled to a new trial where the closing arguments of the prosecutor were improper.

II. Williams is entitled to a new trial or entry of a conviction for the lesser offense of either attempted armed robbery or assault with the intent to commit armed robbery where there was insufficient evidence to find for the conviction of armed robbery as to Ms. Hammoud.

3

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Williams*, No. 316429 (Mich. Ct. App. Oct. 9, 2014). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Williams*, 863 N.W.2d 322 (Mich. 2015) (table).

## II. Standard of Review

This habeas petition is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court

4

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012).

### III. Discussion

A. Procedural Default

Respondent contends that Petitioner's first claim is procedurally defaulted because the alleged error was not preserved in the trial court. Under the procedural default doctrine, a federal habeas court will not review a question of federal law if a state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. See *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, procedural default is not a jurisdictional bar to review of a habeas petition on the merits. See *Trest v. Cain*, 522 U.S. 87, 89 (1997). Additionally, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). It may be more economical for the

6

habeas court to simply review the merits of the petitioner's claims, "for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In the present case, the Court deems it more efficient to proceed directly to the merits of Petitioner's first claim.

## B. Prosecutorial Misconduct

Petitioner's first claim asserts that the prosecutor committed misconduct during closing argument. He argues that the prosecutor informed the jury that there was no such thing as attempted armed robbery under Michigan law, thereby undermining any argument that Petitioner might be guilty of that lesser offense.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*,     U.S.    , 132 S. Ct. 2148, 2153, 183 L. Ed. 2d 32, (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

The record indicates that at the beginning of the prosecutor's closing argument he outlined the elements of armed robbery. Dkt. 7-6, at 101. He indicated that (1) the defendant must have used force or violence, and (2) he must have used it in the course of committing or attempting to commit a larceny. Id., at 101-2. The prosecutor explained:

> What does that mean? Well, that very first part includes acts that occur in attempt to commit a larceny. What that means is even if somebody is attempting to commit a larceny and they're using a weapon to do that and they're using force to do that, and you believe that happened beyond a reasonable doubt. Let's just say for the academic side for the moment. Then they're guilty of armed robbery whether they got something from that person or not.

> In Michigan what this is telling you is there is no such thing as attempted armed robbery. If you try to rob somebody, you robbed them as far as the law is concerned.

Id, at 102.

The Michigan Court of Appeals found that this argument was not improper because it was an accurate statement of the requirements of Michigan law:

> Recently, our Supreme Court held that "attempted robbery or attempted armed robbery with an incomplete larceny is now sufficient to sustain a conviction under the robbery or armed robbery statutes, respectively." *People v. Williams*, 491 Mich. 164, 172 (2012). The core of the prosecutor's statement was that defendant's attempt to steal from the victims was sufficient for an armed robbery conviction, consistent with *Williams*, supra. Further, any confusion was cleared up when the jury was properly

instructed regarding the elements of armed robbery. Thus, any error was cured, and we find no basis for reversal. *Grayer*, 252 Mich. App. at 357.

*Williams*, No. 316429, at *4.

This Court is bound by the state appellate's court statement about the requirements of state law. The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013)(quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)). Because the Michigan Court of Appeals found that the prosecutor's challenged remarks were a correct statement of Michigan law, there was no misconduct to render Petitioner's trial fundamentally unfair in violation of due process. Petitioner's first claim is therefore without merit.

C. Sufficiency of the Evidence

Petitioner next claims that insufficient evidence was offered at trial to support his conviction for armed robbery against Hammoud because there was no evidence presented that he was able to get away with any of her property. This claim is frivolous because it hinges on the same incorrect interpretation of state law discussed above.

9

To be guilty of armed robbery under Michigan law, among the other elements, the prosecutor need only prove beyond a reasonable doubt that the defendant attempted to take and remove another's property. *Williams*, 491 Mich. at 171-172. There is no requirement that the defendant complete the larceny. *Id.* Petitioner's argument to the contrary inappropriately invites the Court to superintend the Michigan courts in determining what is essential to establish an element of its armed robbery statute. See *Powell v. Berghuis*, 560 Fed. Appx. 442, 449 (6th Cir. Mich. 2013). "To say that state law 'rightly understood' requires proof of [a particular factual predicate], and that the evidence is insufficient because the prosecution failed to establish this, is to [impermissibly] use . . a back door to review questions of substantive law." *Sanford v. Yukins*, 288 F.3d 855, 860-62 (6th Cir. 2002).

Because Petitioner's second claim hinges on an incorrect interpretation of state law that was rejected by the state courts on direct appeal, the claim is not cognizable in this action. *Id.*, 288 F.3d at 862.

As both of Petitioner's claims are without merit, the petition will be denied.

10

IV. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. ' 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing ' 2254 Cases, Rule 11(a), 28 U.S.C. foll.' 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right with respect to either of his claims. A reasonable jurists

would notdebate whether the Court correctly denied relief with respect to these claims. Accordingly, a certificate of appealability will be denied.

The Court will, however, grant Petitioner permission to proceed on appeal in forma pauperis because an appeal could be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).

V

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

It is further ORDERED that a certificate of appealability is DENIED.

It is further ORDERED that Petitioner may proceed in forma pauperis on appeal.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 28, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 28, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

12